UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:                                            CASE NUMBER: 25-02336-5-DMW
JAMES CHICKERING PORCH

DEBTOR                                      CHAPTER 13

**OBJECTION TO CONFIRMATION**

COMES NOW JCH Ventures, LLC a creditor in the above-captioned case (hereinafter, the "Creditor"), by and through undersigned counsel, Christopher T. Vonderau, and hereby objects to confirmation of the Chapter 13 Plan, and respectfully shows the Court:

1. On June 20, 2025 (hereinafter, the "Petition Date"), JAMES CHICKERING PORCH (hereinafter, the "Debtor") filed a petition with the Bankruptcy Court for the Eastern District of North Carolina under Chapter 13 of Title 11 of the United States Bankruptcy Code (hereinafter, the "Code").

2. As of the Petition Date, Creditor was holder of an unsecured debt of Debtor, and his non-filing spouse, based upon the following:

    a. That a certain Promissory Note (hereinafter the "Note") executed by WP Flooring and Tile, LLC, a North Carolina limited liability company (hereinafter "WP Flooring"), in the original amount of $50,000.00, dated on or about September 30, 2021.

    b. That Debtor, upon information and belief, was a Member of WP Flooring at the time of the Execution of the Note.

    c. That Debtor, in his individual capacity along with his spouse, Angelica M. Porch (hereinafter "Spouse"), in her individual capacity, signed an unconditional Personal Guarantee of the Note on or about September 30, 2021.

3. Creditor filed Proof of Claim No. 9 on August 25, 2025, indicating a balance owing on the Note in the amount of $28,687.39.

4. On or about July 3, 2025, Debtor filed the Chapter 13 Plan (DE 12), hereinafter,

the "Proposed Plan".

5. In Part 5.2 of the Proposed Plan, Debtor listed a business debt owed to Creditor in the amount of $29,330.00 and provided an interest rate of zero.

6. On Schedule A/B of the Petition, Debtor listed an ownership interest in real estate located at 5118 Barcroft Lake Drive, Leland, NC 28451 (hereinafter, the ("Property") and valued the Property at $814,950.00.

7. On Schedule D of the Petition, Debtor listed a mortgage loan in favor of Truist Bank in the amount of $460,860.00 secured by the Property.

8. On Schedule C-1 of the Petition, Debtor claimed a homestead exemption in the Property in the amount of $30,000.00.

9. Based on these values, the Property appears to have $324,090.00 in unexempt equity.

10. Under 11 U.S.C. § 1325(a)(4), a Chapter 13 plan must provide that unsecured creditors receive at least as much as they would receive in a Chapter 7 liquidation. Because the Debtor and his spouse own significant equity in the Property, a hypothetical Chapter 7 trustee could liquidate assets and pay Creditor's claim in full with interest. Given the Debtor's substantial equity, the Proposed treatment is functionally equivalent to a solvent debtor case, where interest is routinely required to ensure unsecured creditors receive the present value of their claims. The current Plan's failure to pay interest therefore violates § 1325(a)(4).

11. Post-confirmation interest should at least be paid at the federal judgment rate, approximately **4.09 percent** for the week ending June 20, 2025, which compensates Creditor for the time value of money. Debtor's Plan proposes no interest, and therefore fails to provide Creditor with the present value of its claim.

12. Pursuant to 11 U.S.C § 1325(a)(3), the Debtor's plan must be proposed in good faith. Proposing to pay Creditor's guaranteed loan without interest, despite substantial equity and guarantor obligations, unfairly discriminates against Creditor and violates the good-faith standard.

13. Creditor reserves the right to amend this Objection to assert additional grounds as may become apparent through discovery or further review of Debtor's Plan and schedules.

**WHEREFORE,** the Creditor prays the Court as follows:

1. Deny confirmation of the Proposed plan; or
2. Require the Proposed Plan be modified to provide for the proper treatment of Creditor's claim; and
3. For other such and further relief that the Court may deem necessary and proper.

This, the 27th day of August, 2025.

The Law Offices of Chris Vonderau, PLLC
<u>/s/ Christopher T. Vonderau</u>
Christopher T. Vonderau
4022 Shipyard Blvd. #101
NC Bar No.:  25019
Wilmington, NC  28403
910-202-3110 Phone
910-397-7951 Fax
NCLaw98@gmail.com
Attorney for Creditor

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the **Objection to Confirmation** in the above captioned case was this day served upon the below named persons by mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

JAMES CHICKERING PORCH
5118 Barcroft Lake Drive
Leland, NC 28451

| | |
|---|---|
| S. Troy Staley | Richard Cook |
| Chapter 13 Trustee | Debtor's Counsel |
| **Served via CM/ECF** | **Served via CM/ECF** |

[  ] and on the parties in interest at the addresses shown on the attached matrix (if box checked)

This the 27th day of August, 2025

                                            The Law Offices of Chris Vonderau, PLLC
                                            /s/ Christopher T. Vonderau
                                            Christopher T. Vonderau
                                            4022 Shipyard Blvd. #101
                                            NC Bar No.:  25019
                                            Wilmington, NC  28403
                                            910-202-3110 Phone
                                            910-397-7951 Fax
                                            NCLaw98@gmail.com
                                            Attorney for Creditor